SLR/vl:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PATRICIA GRANA,

                           **JOINT PRETRIAL ORDER**

                           Civil Action Nos. CV-06-1173

          Plaintiff,                CV-07-0476 (Consolidated)

                           (Bianco, J.)
   - against-                   (Lindsay, M.J.)

JOHN E. POTTER, POSTMASTER GENERAL,
U.S. POSTAL SERVICE.

              Defendant.
-----------------------------------------------------------------X

        The following constitutes the Joint Pre-Trial Order, pursuant to the Individual

Practice Rules of the Hon. Joseph F. Bianco.

    1.  The full caption of the case is as set forth above.

    2.  The names and addresses of the trial counsel are as follows:

        JAMES E. BAHAMONDE, ESQ (JB6708)
        Law Offices of James E. Bahamonde, P.C.
        Attorney for Plaintiff Patricia Grana
        2501 Jody Court
        North Bellmore, NY 11710
        Tel:  (516) 783-9662
        Fax: 646-435-4376

        VINCENT LIPARI, Assistant U.S. Attorney
        ROSLYNN R. MAUSKOPF
        United States Attorney Eastern District of New York
        Attorney for Defendant John Potter, Postmaster
        610 Federal Plaza, 5th Flr.
        Central Islip, New York 11722
        Telephone (631)715-7864
        Fax (631)715-7920

3.      **Basis of Subject Matter Jurisdiction**

Plaintiff states that subject matter jurisdiction is present because plaintiff claims that Defendant and its officials have engaged in unlawful employment and disability discrimination in violation of the Rehabilitation Act of 1973, 29 U.S.C. §  701 et seq. ("§ 501"), and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.  Consequently, this case arises under federal law, and as such, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the Rehabilitation Act and Title VII of the Civil Rights Act of 1964.  Plaintiff Patricia Grana has complied with all statutory prerequisites to her Title VII and § 501 claim.  She has adequately filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

Defendant agrees that there is subject matter jurisdiction because plaintiff's claims assert employment discrimination on the basis of plaintiff's alleged disability and her gender and thus arise under the Rehabilitation Act of 1973, 29 U.S.C. §  701 et seq. and Title VII of the Civil Rights Act of 1964, as amended.

4.      **Brief Summary Of Plaintiff's Claims**

Plaintiff Patricia Grana has suffered hostile work environment, retaliation, and disability and gender discrimination as an employee of the United States Postal Service. In 1996, Ms. Grana suffered a debilitating injury to her right knee which resulted in the limitations discussed *infra.*  As a result of Ms. Grana's physical limitations, she was placed her on light duty and was provided less physically demanding job tasks.  Since then, Plaintiff's supervisors have engaged in disparate treatment and disparate impact discrimination.  Specifically, Ms. Grana's supervisors have

overridden her physician's medical restrictions, unlawfully denied training and equal overtime opportunities, and harassment, in violation of the Rehabilitation Act.  As a result of Defendant's disparate treatment and disparate treatment, Plaintiff has suffered adverse employment actions and economic harm.

Gender discrimination

Plaintiff's allegation of unlawful gender discrimination concern her supervisors denial in providing her the same opportunities and benefits as provided to similarly situated male employees.  This unequal treatment concerns management's restrictions of Ms. Grana's opportunity for overtime, and for establishing additional obstacles in order to be qualified for light duty status, in violation of Title VII of the Civil Rights Act of 1964..As a result of Defendant's disparate treatment and disparate treatment, Plaintiff has suffered adverse employment actions and economic harm.  Pursuant to the statutes cited herein, Plaintiff is entitled to compensatory damages, punitive damages, and reasonable attorneys fees if found to be the prevailing party.

Plaintiff is an Individual with a Disability as Defined by the Rehabilitation Act

Plaintiff Grana is a qualified individual with a disability within the meaning of the Rehabilitation Act.  Specifically, Ms. Grana suffers from an impairment which substantially limit her in working, lifting, standing, caring for herself, walking, manual tasks, and standing.  Ms. Grana's impairments are permanent and substantial.  As a result of Ms. Grana's substantial limitations, she is disqualified from performing any customer service, manual labor, mechanic jobs, and a broad range of jobs performing services exceeding "light duty."  In addition to having the above physical limitation, Ms. Grana has a record of substantial limitation.  Accordingly, Plaintiff's record demonstrates that she has impairments which substantially limits one or more of her major

4

life activities.  As such, Ms. Grana is an individual with a disability, as defined by the Rehabilitation Act.

**Defendant's defenses**

Defendant did not discriminate against plaintiff in any respect, whether as to alleged disability, gender or supposed retaliation, nor did plaintiff suffer any adverse employment actions. Defendant had legitimate, non-discriminatory reasons for all of the actions of which plaintiff complains and such actions are not, in any event, adverse employment actions, as necessary to be actionable under the discrimination laws.  In Nay event, plaintiff is not disabled and thus may not assert claims under the Rehabilitation Act. To the extent plaintiff sought and was, arguendo, entitled to a reasonable accommodation, defendant provided such without fail. With respect to any claim made alleging denial of overtime due to being placed at the bottom of the overtime desired list because of her status as a light duty employee, it was plaintiff's union, and not the defendant, which determined her rank with respect to overtime. and not the USPS.  The practice at the Lindenhurst Post Office, pursuant to agreements with plaintiff's union, was that management would tell the shop steward the amount of overtime needed and the tasks to be performed on overtime and the shop steward, not management,  would determine which employee would work the overtime.

5.      The parties agree that the case is to be tried with a jury.  The parties estimate that the trial will last 5-8 days.

6.      The parties do not jointly consent to trial before a Magistrate Judge.

7.      **Stipulations Or Agreed Statements of Fact or Law**

1.      Plaintiff is a Window/Distribution Clerk at the Lindenhurst Post Office.

2.      Anthony Tumminello is a supervisor at the Lindenhurst Post Office

3.      Kathy Delprete is a supervisor at the Lindenhurst Post Office.

4.      Frank Garofalo was the Postmaster at the Lindenhurst Post Office until 2004.

5.      Michael Greb has been the Postmaster at the Lindenhurst Post Office from late 2004 to date.

6.      Julius Cellura is a distribution clerk at the Lindenhurst Post Office.

7.      Gilbert Robles is a window/distribution clerk at the Lindenhurst Post Office.

8.      Crystal Sullivan is a shop steward and distribution clerk at the Lindenhurst Post Office.

9.      Margret Fisher is at times a 204B supervisor  at the Lindenhurst Post Office.

10.     Randy Binko is at times a 204B supervisor at the Lindenhurst Post Office.

11      William J. Polloca is at times a 204B supervisor at the Lindenhurst Post Office.

8. **Witnesses:**

Plaintiff will call the following fact witnesses:

1.      Plaintiff Patricia Grana, 60 South Emerson Avenue, Amity Harbor.

2.      Julius Cellura (distribution clerk at the Lindenhurst Post Office)

3.      Kathryn Delprete (Window/Distribution Supervisor at the Lindenhurst Post Office)

4.      Frank L. Garofalo (retired Postmaster of the Lindenhurst Post Office)

5.      Anthony Tumminello (Window/Distribution Supervisor at the Lindenhurst Post Office)

6.      Michael Greb (Postmaster of the Lindenhurst Post Office).

7.      Michelle Nadeau (APWU Area Representative).

8.      Margret Fischer (204B supervisor at the Lindenhurst Post Office).

9.      Randy Binko (204B supervisor at the Lindenhurst Post Office).

10.     Crystal Sullivan (shop steward-distribution clerk at the Lindenhurst Post Office).

11.     Gilbert Robles (Window/Distribution clerk at the Lindenhurst Post Office);

12.     William J. Polloca (supervisor at the Lindenhurst Post Office)..

Defendant will call the following fact witnesses:

1.      Frank Garofalo

2.      Anthony Tumminello

3.      Kathy Delprete

4.      Michael Greb

5.      Crystal Sullivan

6.      Liz Trebbing

7.      Gilbert Robles

8.      Michael Flam

9.      Michelle Nadeau

10.     Julius Cellura

11.     Defendant reserves the right to call any person identified on plaintiff's witness list.

Defendant will call James Gurtowski, M.D. as an expert witnesses.

**Plaintiff's Objection to Defendant's expert witness**

Defendant failed to disclose the identity of any person they were going to use at trial until the night before parties proposed Join Pretrial Order is due.  Furthermore, defendant has not provided Plaintiff with anything written or prepared by James Gurtowski, M.D. Therefore, defendant should be precluded from using James Gurtowski, M.D. as their expert witness.

9.      **Deposition Testimony**

Plaintiff intends to offer the deposition testimony of Kathy Delprete, Anthony Tumminello, Frank Garofalo, Michael Greb, and Michelle Nadeau

Defendant reserves the right to rely on the deposition of plaintiff, as an adverse party, and of third party witnesses to the full extent permitted by Fed. R. Civ P. 32(a)(2) and to rely on the deposition of any witness who is unavailable for trial to the full extent permitted by Fed. R. Civ. P. 32.

10. **EXHIBITS**

**Plaintiff's exhibit list:**

1.      Documents filed with and collected by the EEOC.

2.      Two MP3 audio recordings to be used for impeachment purposes.

3.      Various certificates of achievement, work evaluation, and certificate of appreciation regarding Plaintiff.

4.      Plaintiff's Employee and Labor Relations Manual

5.      Plaintiff's 2001-2006 Collective Bargaining National Agreement.

6.     Plaintiff's employee Handbook EL-307; Reasonable Accommodation, An

Interactive Process

7.     Plaintiff's certification to Returned to Work, dated December 26, 2006.

8     Labor Management Minutes 11757 dated January 16, 2003.

9.     Various duty status reports.

10.    Plaintiff's various medical justification for light duty.

11.    Note created by Plaintiff, dated May 10, 2003.

12.    Plaintiff's request for claims training, dated May 12, 2004.

13.    Plaintiff's request for business reply mail training, dated May 26, 2004

14.    Plaintiff request for finance training dated May 17, 2006.

15.    Plaintiff's Authorization for medical attention dated September 3, 2003.

16.    Letter from Paul E. DiCesare, MD, to "whom it may concern," dated

November 13, 2003.

17.    Letter from Paul E. DiCesare, MD, to "whom it may concern," dated

February 11, 2004.

18.    Letter from Paul E. DiCesare, MD, to "whom it may concern," dated May

29, 2003.

19.    Letter from Paul E. DiCesare, MD, to "whom it may concern," dated

January 26, 2004.

20.    Letter from Frank Garofalo to Michelle Nadeau dated December 31, 2003.

21.    Letter from Frank Garofalo to Michelle Nadeau dated March 12, 2004.

9

22.     Letter from the employees of the Lindenhurst Post Office to Mr. Rosati, dated March 23, 2004.

23.     Anthony Tumminello's affidavit dated November 2004.

24.     Anthony Tumminello's affidavit dated August 2006.

25.     Michael Greb's affidavit dated July 2006.

26.     Kathy Delprete's affidavit dated November 2004.

27.     Kathy Delprete's affidavit dated August 2006.

28.     Plaintiff's EEO file maintained and controlled by Defendant.

29.     Plaintiff's 'medical records' file maintained and controlled by Defendant.

30.     Plaintiff's employee file maintained and controlled by Defendant.

31.     Frank Garofalo's employee file maintained and controlled by Defendant.

32.     Kathy Delprete employee file maintained and controlled by Defendant.

33.     Anthony Tumminello employee file maintained and controlled by Defendant.

34.     Michael Greb employee file maintained and controlled by Defendant.

35.     Plaintiff's medical records.

36.     Plaintiff's pharmacy billing records.

**Defendant's Objections to Plaintiff's Exhibits**

Defendant objects, on the grounds of relevance and hearsay, to exhibits 2, 3, 11, 22, 31, 32, 33 and 34. Defendant objects to exhibits 1, 28, 29, 30, 35 and 36 because they identify entire EEO, medical and personnel files, some of the contents of which may be

admissible and others not, without particularizing any specific pages or documents, thus making

it impossible for defendant to formulate a response.

**Defendant's exhibit list:**

A.      April 3, 2002 request for Bid for Window/Distribution Clerk

B.      Authorization for Medical Attention For Patricia Grana, dated 9/3/03

C.      November 13, 2003 letter from Dr. DiCesare to whom it may concern, with

handwritten notes dated 1/8/04

D.      March 12, 2004 letter from Garofalo to Nadeau

E.      January 26, 2004 letter from Dr. DiCesare to whom it may concern

F.      February 11, 2004 letter from Dr. DiCesare to whom it may concern

G.      Medical Justification for light duty forms, including forms dated, 10/12/02,

8/26/03, 2/11/04, 6/4/04, undated form (plaintiff's Deposition exhibit 3), 10/12/05, 6/29/06,

8/9/06

H.      Information for Pre-Complaint Counseling, dated February 26, 2004

I.      EEO Complaint of Discrimination, dated May 13, 2004

J.      EEO Affidavit of Patricia Grana, dated August 4, 2004

K.      Information for Pre-Complaint Counseling, dated March 10, 2006

L.      EEO Complaint of Discrimination, dated May 18, 2006

M.      EEO Complaint of Discrimination, dated June 1, 2006

N.      Information for Pre-Complaint Counseling, dated February 8, 2007

O.      EEO Complaint of Discrimination, dated March 8, 2007

P.      Complete Duty Status Reports

Q.      Minutes of labor-management meeting at Lindenhurst Post Office, dated 1/16/03

R.      Letter from Nadeau to Garofalo, dated 1/16/03

S.      Employee Labor Management Agreements between USPS and APWU, 2000-

2007

T.      Employee Labor Relations Manuals, 2000-2007

U.      Grana Grievances

V.      Lindenhurst Post Office grievances 2003-2007 re overtime

W.      South Oakes Affiliates Psychological Progress Notes for plaintiff, dated

November 18, 2002, December 12, 2002 - April 21, 2005

X.      Overtime Desired Lists, Non-Scheduled Days and Single Hours Overtime for the

Lindenhurst Post Office Clerks, from January 1, 2003 to June 30, 2006, to date

Y.      Lindenhurst Post Office seniority list for clerks

Z.      Complete Medical records of Dr. Dicesare

AA.     Complete Medical Records of Dr. Enker

AB.     August 9, 2006 Office Note of Examination by Dr. Enker

AC.     June 29, 2006 Notes of Examination by Dr. DiCesare

AD.     Knee Pain Questionnaire, NYU Hospital for Joint Diseases, dated June 29, 2006

AE.     October 27, 2004 Notes of Examination by Dr. DiCesare

AF.     Knee Pain Questionnaire, NYU Hospital for Joint Diseases, dated October 27,

2004

AG.     February 11, 2004 Notes of Examination by Dr. DiCesare

12

AH.    Knee Pain Questionnaire, NYU Hospital for Joint Diseases, dated February 11,

2004

AI.    January 18, 2005 letter from Andrew Ekelund to Dr. DiCesare

AJ.    Certification of Dr. DiCesare to U.S. Department of Labor, dated 10/6/05

AK.    Certification of Dr. DiCesare to U.S. Department of Labor, dated 5/24/06

AL.    Note from Plaintiff to Dr. DiCesare, dated 10/11/02

AM.    Note from Plaintiff to Dr. DiCesare, dated 10/12/05

AN.    Any document identified on plaintiff's exhibit list

Dated: Bellmore, N.Y.
       October , 2007

                                        Respectfully Submitted,

                                        JAMES E. BAHAMONDE, P.C.
                                        Attorney for Plaintiff

                                        By:___s/ James Bahamonde_____
                                        James E. Bahamonde, Esq. (JB6708)
                                        2501 Jody Court
                                        North Bellmore, NY 11710
                                        Tel:  (516) 783-9662

Dated: Central Islip, N.Y.
       October , 2007

                                        Respectfully Submitted,

                                         _s/ Vincent Lipari_____
                                        VINCENT LIPARI
                                        ROSLYNN R. MAUSKOPF
                                        United States Attorney
                                        Eastern District of New York
                                        Attorney for Defendant John Potter, Postmaster
                                        610 Federal Plaza, 5th Flr.
                                        Central Islip, New York 11722
                                        (631)715-7864

13

SO ORDERED:

Dated: Central Islip, NY
                , 2007


_____

HONORABLE JOSEPH F. BIANCO
United States District Judge